# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER PATTERSON, | Case No. 1:13-cv-01521-LJO-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| v. | (Doc. 7) |
| MATTHEW CATE, et al., | |
| Defendants. | |

## I. Background

This civil action, which arises out of prison conditions of confinement, was removed from Kings County Superior Court by Defendant R. Diaz ("Defendant") on September 19, 2013.[1] 28 U.S.C. § 1441(a). On October 3, 2013, Plaintiff Vester Patterson ("Plaintiff"), a state prisoner proceeding pro se, filed a motion to remand on the ground that Defendant failed to file a timely notice of removal. 28 U.S.C. § 1446(b)(1). Defendant filed an opposition on October 17, 2013, Plaintiff filed a reply on November 1, 2013, and the motion has been submitted upon the record without oral argument. Local Rule 230(*l*).

---

[1] Plaintiff names Matthew Cate, Jeffery Beard, and Ralph M. Diaz as defendants in his second amended complaint. The notice of removal was filed by Defendant Diaz. The status of Cate and Beard is unclear. As discussed in section II(B), Plaintiff's assertion that he completed service of process on Cate and Beard by virtue of mailing them a copy of the summons and complaint lacks merit, as neither defendant signed an acknowledgement of receipt. Cal. Civ. Proc. Code § 415.30(c); *Robinson v. Adams*, No. 1:08-cv-01380-AWI-GSA PC, 2009 WL 652209, at *1 (E.D. Cal. Mar. 12, 2009) (citing *Thierfeldt v. Marin Hosp. Dist.*, 35 Cal.App.3d 186, 199, 110 Cal.Rptr. 791 (Cal. Ct. App. 1973)).

**II.    Discussion**

    **A.    Jurisdiction**

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removal statute is strictly construed, and Defendant bears the burden of establishing grounds for removal. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32, 123 S.Ct. 366 (2002); *Provincial Government of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). As a threshold matter, courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction," *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted), and "federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance,'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.*, 482 U.S. at 392.

In this instance, Plaintiff's second amended complaint specifically pleads claims for relief under 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000). Therefore, the Court has subject matter jurisdiction over this action.

    **B.    Timely Notice of Removal**

Turning to Plaintiff's motion to remand, Plaintiff argues that Defendant failed to file a timely notice of removal. 28 U.S.C. § 1446(b)(1). Section 1446 provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading, setting forth the claim relief upon which such action or proceeding

2

is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"'A named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.'" *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 2232-33 (9th Cir. 2011) (quoting *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322 (1999)). "Actual notice of the action is insufficient; rather, the defendant must be 'notified of the action, and brought under a court's authority *by formal process*,' before the removal period begins to run." *Quality Loan Serv. Corp.*, 635 F.3d at 1133 (quoting *Murphy Bros.*, 526 U.S. at 347) (emphasis added).

Plaintiff's evidence of notice is an opposition filed by the Attorney General's Office on April 15, 2013, and a proof of service for an order issued by the Kings County Superior Court, dated July 5, 2013. However, neither document demonstrates that Defendant Diaz had been brought within the superior court's authority by formal process. First, Plaintiff's evidence that service occurred more than thirty days prior to removal pertains to Cate and Beard. "[E]ach defendant is entitled to thirty days to exercise his removal rights after being served," *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011), and in this case, Plaintiff has not shown that Defendant Diaz failed to file his notice of removal within thirty days. To the contrary, Defendant submitted evidence that he was served on or around August 20, 2013, making his notice timely.[2,3]

---

[2] Defendant does not challenge the validity of service, but the Court notes that substitute service was purportedly effected by a Kings County Sheriff's Deputy on or around August 20, 2013. Substitute service is not effective until ten days after the serving party has mailed a copy of the summons and complaint to the served party at the place where the complaint and summons were left. Cal. Civ. Proc. Code § 415.20(b) ("Service of a summons in this [substitute] manner is deemed complete on the 10th day after the mailing."); *see also Billings v. Edwards*, 91 Cal. App. 3d 826, 830 (1979) ("Copies of the summons and complaint were not mailed until October 5, 1977. Since, under the last sentence of section 415.20, service was not 'complete' until ten days after mailing, service was not effected until October 15, 1977. . . ."). At best and assuming substitute service was in fact completed, service would not have been deemed complete until ten days *after* August 20, 2013, and Defendant had thirty days from that date within which to file his notice of removal.

[3] Use of "on or about" in this context is unnecessary and therefore disfavored. The letter provided by Defendant was supported originally by evidence of service, but the Sheriff's "trip ticket" was not provided to the Court. (Opp., p. 19.) Reference to the trip ticket would allow for the identification of the date of substitute service. However, Defendant was not responsible for drafting the letter and Plaintiff has not provided any evidence controverting August 20, 2013, as the date of service by the Kings County Sheriff's Deputy. Furthermore, as discussed in footnote 2,

Second, the Attorney General's Office made a special appearance on behalf of Cate and Beard on April 15, 2013, for the limited purpose of arguing that Plaintiff was not entitled to entry of default judgment and judgment against them, because he had not properly effected service of process and the court lacked jurisdiction over them. This special appearance did not constitute a general appearance on behalf of Cate and Beard. *Serrano v. Stefan Merli Plastering Co., Inc.*, 162 Cal.App.4th 1014, 1028-29, 76 Cal.Rptr.3d 559 (Cal. Ct. App. 2008). The subsequently issued proof of service is of no assistance to Plaintiff, either, as it recognized the special appearance designation and it is merely a proof of service.

In reply to Defendant's brief opposition to the motion to remand, in which Defendant states that Plaintiff offers no compelling evidence of any procedural defects, Plaintiff reiterates the arguments already addressed and argues additionally that he served Cate, Beard, and the Attorney General's Office. (Opp., 3:8-9; Reply, pp. 2-4.) However, Plaintiff did not succeed in effecting service on Cate and Beard by merely mailing them the service packet. Plaintiff concedes that Cate and Beard did not sign and return acknowledgments, and in the absence of a signed, returned acknowledgement, service was *not* effected. Cal. Civ. Proc. Code § 415.30(c); *Robinson*, 2009 WL 652209, at *1 (citing *Thierfeldt*, 35 Cal.App.3d at 199). Furthermore, this is not an action against the State, Cal. Gov't Code § 955.4, and notwithstanding that fact, service on the Attorney General's Office, where authorized or required, nonetheless requires compliance with the rules governing service, *e.g.*, Cal. Civ. Proc. Code § 415.30(c).

In the absence of any evidence to the contrary, Defendant Diaz was served on or around August 20, 2013, and his notice of removal was timely filed within thirty days of that date. Plaintiff is not entitled to remand.

///
///
///
///

---

service is deemed completed ten days *after* the date of mailing of a copy of the summons and complaint to the place of substitute service. Cal. Civ. Proc. Code § 415.20(b).

4

### III. Conclusion and Order

In conclusion, Plaintiff has not demonstrated that he is entitled to remand based on Defendant Diaz's failure to file a notice of removal within thirty days, and Plaintiff's motion to remand is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated:   **November 25, 2013**          **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE