# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER PATTERSON, | Case No. 1:13-cv-01521-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR INTRADISTRICT TRANSFER, RESOLVING MOTION RE COPIES, DIRECTING CLERK'S OFFICE TO SEND DOCKET COPY TO PLAINTIFF, AND DENYING MOTION FOR RECONSIDERATION |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | |
| | (Docs. 16, 17, and 18) |

**I.  Plaintiff's Motions**

**A.  Background**

Plaintiff Vester Patterson, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 31, 2013, in Kings County Superior Court.  The case was removed to this Court by Defendant Ralph Diaz on September 19, 2013. 28 U.S.C. § 1441(a).  On November 25, 2013, the Court denied Plaintiff's motion to remand on the ground of untimely removal, 28 U.S.C. § 1446(b)(1), and Plaintiff's complaint is pending statutory screening, 28 U.S.C. § 1915A.

On November 26, 2013, Plaintiff filed a motion for an intradistrict transfer of this case to the Sacramento Division and a motion seeking information and/or an investigation into his non-receipt of copies; and on December 9, 2013, Plaintiff filed a motion for reconsideration of the

order denying his motion to remand. Defendant Diaz did not file a response to the motions and they have been submitted upon the record without oral argument. Local Rule 230(*l*).

### B. Motion for Intradistrict Transfer

The events at issue in this action occurred at California Substance Abuse Treatment Facility and State Prison in Corcoran, California, where Defendant Ralph Diaz was employed as the warden. Venue is therefore proper is the Fresno Division of the Eastern District of California. 28 U.S.C. § 1391(b)(1), (2); Local Rule 120(d). Neither Plaintiff's argument that he is presently incarcerated in a prison located in the Sacramento Division nor his argument that un-served Defendants Cate and Beard work in the Sacramento Division suffices to persuade the Court that good cause exists to order an intradistrict transfer. Local Rule 120(f); *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007). Accordingly, Plaintiff's motion for an intradistrict transfer is denied.

### C. Copies

Plaintiff asserts that the Court confiscated his self-addressed stamped envelopes which were intended for return accompanied by copies of his filings.

The Court does not confiscate self-addressed stamped envelopes. If a party submits a self-addressed stamped envelope with a copy for return, it is the policy of the Clerk's Office to return a "filed" stamped copy. In the event that the envelope postage is insufficient due to the weight of the copy, it is the policy of the Clerk's Office to return the first page of the "filed" stamped document.[1]

As a courtesy, the Court will direct the Clerk's Office to send Plaintiff a copy of the docket in this case.

### D. Motion for Reconsideration

Finally, Plaintiff seeks reconsideration of the order denying his motion to remand, and he argues that the Court erred in failing to consider his evidence of service. The issues identified by Plaintiff in his motion for reconsideration were considered and addressed in the order. Plaintiff's disagreement with the Court's ruling is not grounds for reconsideration and his motion is denied,

---

[1] The Court will not cover any postage shortage on behalf of litigants.

with prejudice. Fed. R. Civ. P. 60(b); Local Rule 230(j); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

**II.    Order**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for an intradistrict transfer is DENIED;
2. Plaintiff's motion relating to copies and an investigation is RESOLVED;
3. The Clerk's Office shall send Plaintiff a courtesy copy of the docket; and
4. Plaintiff's motion for reconsideration of the order denying his motion to remand is DENIED, with prejudice.

IT IS SO ORDERED.

Dated:    **January 15, 2014**             /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE