# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER PATTERSON,<br><br>        Plaintiff,<br><br>   v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants. | Case No.  1:13-cv-01521-LJO-SKO (PC)<br><br>FIRST SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AGAINST DEFENDANT DIAZ, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

### First Screening Order

**I.   Screening Requirement and Standard**

Plaintiff Vester Patterson, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 31, 2013, in Kings County Superior Court.  Plaintiff seeks relief for the violation of the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and for violation of 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000).  Defendant Diaz filed a notice of removal on September 18, 2013.  28 U.S.C. § 1441(b).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that

seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Under section 1983, which provides a cause of action for the alleged violation of Plaintiff's federal constitutional rights, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.   Discussion**

Plaintiff was incarcerated at California Substance Abuse Treatment Facility and State Prison in Corcoran, California during the events at issue, and he alleges Defendant Ralph M. Diaz is the warden there.  Plaintiff alleges that he is Muslim and he seeks three halal meals a day.  Plaintiff alleges that Jewish inmates receive three kosher meals a day and he is entitled to equal treatment.  On August 8, 2012, Defendant Diaz "upheld" the associate warden's prior appeal decision when Diaz denied Plaintiff's inmate appeal seeking three halal meals per day.  (Comp., court record p. 7.)

As an initial matter, the existence of an inmate appeals process does not create any substantive rights such that Plaintiff may seek to impose liability on Defendant Diaz for his actions in reviewing and responding to the appeal. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Furthermore, although only the first page of the appeal in question was provided, that page does not support a claim that Defendant Diaz substantially burdened the practice of Plaintiff's religion, *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124-25 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008), or that he treated Plaintiff differently than similarly situated inmates, *Hartmann*, 707 F.3d at 1123-24. (Comp., p. 16.)

### III.  Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted against Defendant Diaz. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes in good faith he can state a claim against Defendant Diaz. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what Defendant Diaz did that led to the deprivation of Plaintiff's federal rights, and liability may not be imposed on Defendant Diaz under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ," *Twombly*, 550 U.S. at 555 (citations omitted), and tangential involvement in the underlying violation does not suffice to support a claim for relief, *e.g.*, *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013).

///

///

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim against Defendant Diaz;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, Plaintiff's claims against Defendant Diaz will be dismissed, with prejudice, for failure to state a claim and this action will be remanded to Kings County Superior Court.

IT IS SO ORDERED.

Dated:   **May 8, 2014**                              /s/ Sheila K. Oberto
                                                     UNITED STATES MAGISTRATE JUDGE