# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER PATTERSON, | Case No. 1:13-cv-01521-LJO-SKO (PC) |
| Plaintiff, | (Kings County Case No. 12CV0877) |
| v. | ORDER DISMISSING CLAIMS AGAINST DEFENDANT DIAZ, WITH PREJUDICE; DENYING DEFENDANT'S REQUEST AS MOOT; AND REMANDING ACTION TO KINGS COUNTY SUPERIOR COURT |
| MATTHEW CATE, et al., | |
| Defendants. | |
| | (Docs. 26 and 32) |

Plaintiff Vester Patterson, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 31, 2013, in Kings County Superior Court. Plaintiff seeks relief for the violation of the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and for violation of 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000). Defendant Diaz filed a notice of removal on September 18, 2013.[1]  28 U.S.C. § 1441(b).

On May 9, 2014, the Court screened Plaintiff's complaint, found that he failed to state a claim upon which relief may be granted against Defendant Diaz, and ordered him to file an amended complaint within thirty days.  28 U.S.C. § 1915A.  More than thirty days have passed and Plaintiff has not complied with the order.

---

[1] Additional defendants were named in the complaint but it appears only Defendant Diaz was served.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted). Further, the Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ." *Pagtalunan*, 291 F.3d at 642 (citation and internal quotation marks omitted).

The Court constrained to find that the prejudice factor weighs against dismissal because the mere pendency of an action does not constitute prejudice, *In re PPA*, 460 F.3d at 1228; *Pagtalunan*, 291 F.3d at 642-43, and public policy favors disposition on the merits, also weighing against dismissal, *In re PPA*, 460 F.3d at 1228; *Pagtalunan*, 291 F.3d at 643.

However, with respect to alternative sanctions, a monetary sanction has no benefit in a case in which the plaintiff is incarcerated and indigent,[2] *see Thomas v. Gerber Prod.*, 703 F.2d 353, 357 (9th Cir. 1983) (it is an abuse of discretion to select a sanction which cannot be performed), and in this case, Plaintiff has deliberately chosen to pursue unmeritorious motions and appeals rather than amend his complaint in compliance with the Court's order,[3] *In re PPA*, 460 F.3d at 1228-29; *Pagtalunan*, 291 F.3d at 643. (Docs. 19, 27, 29, 30, 33.) Plaintiff was warned that if he

---

[2] *See* Doc. 23, Plaintiff's application to proceed in forma pauperis on appeal.

[3] It is perhaps not coincidental that Plaintiff is subject to 28 U.S.C. § 1915(g), which precludes him from proceeding in forma pauperis in federal court unless he is under imminent danger of serious physical injury at the time suit is filed.

failed to file an amended complaint in compliance with the Court's order, his claims against Defendant Diaz would be dismissed, with prejudice, and the Court finds that dismissal of Plaintiff's claims against Defendant Diaz is an appropriate sanction for failing to amend in compliance with the Court's order.

Accordingly, based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's claims against Defendant Diaz are DISMISSED, with prejudice, for failure to state a claim;

2. The Clerk of the Court is DIRECTED to enter judgment in favor of Defendant Diaz;

3. Defendant's pending request for dismissal, filed on June 23, 2014, is DENIED as moot; and

4. This action is REMANDED to Kings County Superior Court for further proceedings with respect to Plaintiff's claims against the other named defendants.

IT IS SO ORDERED.

Dated:  **July 1, 2014**         /s/ Lawrence J. O'Neill
                                 UNITED STATES DISTRICT JUDGE